IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORIO ROSALES GOMEZ,
*Petitioner*,                                       :
                                                    :
                                                    :
v.                                                  :    CIVIL NO. 26-4698
                                                    :
JAMAL L. JAMISON et al.,                            :
*Respondents*.                                      :
                                                    :

Scott, J.                                                                July 8, 2026

### MEMORANDUM

Petitioner Gregorio Rosales Gomez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release. ECF No. 1 at 20. Petitioner alleges that his detention by the United States Immigration and Customs Enforcement ("ICE") violates the Immigration and Nationality Act ("INA"), Administrative Procedure Act, and his Fifth Amendment Due Process rights. *Id.* at 12–16.

Petitioner is a native of Guatemala. *Id.* at 4. He entered the United States at the U.S.-Mexico border around 2011 and proceeded to reside in Philadelphia, working to support his family and two children. *Id.* at 4-5. Around July 1, 2026, U.S. Department of Homeland Security officials arrested Petitioner on his way to work, detaining him at the Federal Detention Center in Philadelphia with no prior notice or opportunity to contest his detention. *Id.* at 5.

Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A), which states that, "[i]n the cases of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." The central issue of this case is summarized in the Government's brief: "the fundamental point of departure between the government's position and the position advanced by petitioners and adopted in over

1

250 decisions in this district relates to the correct interpretation of § 1225(b)(2)(A)." ECF No. 5 at 2.

For the reasons given in *Kashranov v. Jamison* and *Demirel v. Fed. Det. Ctr. Philadelphia*, this Court holds that Petitioner's detention violates the INA. 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *see also Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *see also Cantu-Cortes v. O'Neill*, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *see also Centeno Ibarra v. Warden of the Fed. Det. Ctr. Philadelphia*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025).

This Court therefore grants Petitioner's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(2) violates the INA. Moreover, ICE is enjoined from detaining Petitioner under 8 U.S.C. § 1226(a) for seven days following his release.